## Auto Transit Company *v.* Koch, Appellant (No. 2).

*Bailment—Lease—Contradiction of written instrument.*

Where, in an action on a lease, a defendant denied none of the facts set forth in the lease, but offered to prove an oral agreement with a third person, not a party to the lease, the court does not err in directing a verdict for the plaintiff.

Whatever fraud some third party might have perpetrated upon the defendant cannot be binding upon the plaintiff.

Argued Oct. 9, 1918. Appeal, No. 209, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia Co., Nov. T., 1917, No. 79, on verdict for plaintiff in case of Auto Transit Co. v. Carl C. Koch. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit. Before CRANE, J.

The court below in directing a verdict for the plaintiff charged as follows:

This is an action brought by the plaintiff, Milton Stern, trading as the Auto Transit Company, against Carl C. Koch, the defendant, to recover the amount due under a written lease between them. That lease, which has been offered in evidence, was admittedly signed by Koch, the defendant.

That lease provides that he had examined this particular car, which is the subject-matter of the bailment lease; that it was in satisfactory condition, and he further certified over his written signature and there existed at the time of the execution of this lease no other agreement or understanding of any nature whatsoever, except such as was set forth in the written agreement between the parties. Therefore the rights and liabilities of the parties must be determined by the terms and the conditions of the written agreement entered into between them, which, of course, embraces the transaction covering the Studebaker car.

That lease is in evidence and it has also been testified as to how much credit the defendant is entitled to. The action in this case is to recover the balance due of three hundred dollars with interest from the date of default in rental under that lease, which was November 1, 1917, until the date of your verdict.

The defendant did not offer any evidence which the court could admit, but denied none of the facts set forth in the lease or in the evidence presented by the plaintiff. Therefore, the court will have to direct you in this case, there being no dispute of fact between the parties, to return a verdict in favor of the plaintiff in the sum of three hundred dollars with interest on the same from November 1, 1917, to date. The calculation of that interest will be sent out, or presented to you, and you may verify its accuracy if you care to. That would make the amount of the verdict, if the calculation is correct, three hundred and nine dollars, and you will accordingly find in favor of the plaintiff.

Defendant offered to prove no oral agreement with the plaintiff in this case, but with the third party with whom he originally negotiated for the purchase of the car. The only defenses that could be interposed to this action would be payment, an oral agreement with the plaintiff lessor, which was omitted from the written lease by fraud, accident or mistake. Defendant did not offer to prove any oral agreement with the plaintiff and did not plead that any agreement had been omitted from the written agreement by fraud, accident or mistake. There was, therefore, no basis to justify the reception of evidence offered by the defendant. Whatever fraud some third party may have perpetrated upon the defendant cannot be binding upon the plaintiff.

The money loaned by the plaintiff to enable defendant to obtain this car was paid by plaintiff to the owner of the car, and the plaintiff then being the owner, leased the car to the defendant, who stated in writing that he had examined the car and that it was satisfactory to him, and

that there were no oral agreements not set forth in the
written lease.

Defendant admittedly defaulted in the payment of the
installments due under the lease and cannot avoid his
liability on the ground of what some third person said or
did relative to this car.

The jury found the verdict as directed, for the plaintiff
for $309 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and
in giving binding instructions for plaintiff.

*Jacob Weinstein,* and with. him *I. Irwin Jackson,* for
appellant.

*Maxwell Pestcoe,* for appellee.

OPINION BY HEAD, J., February 28, 1919:

The judgment entered upon a warrant contained in
the lease executed by the appellant was opened. The
cause came on for trial. The assignments of error com-
plain of the action of the trial court in refusing several
offers of evidence. Each one of them rested on the propo-
sition that defendant could prove by the witness on the
stand that certain persons, to wit, "Baron and Price"
had made representations to him which were not true
and which misled him to his injury. In determining
whether or not such offers were competent, the learned
court below was compelled to rely on the pleadings that
made up the issue then to be resolved. The plaintiff, in
the case, apparently was not concerned with the dealings
between the defendant and Baron and Price. We can
perceive nothing either in the petition to open the judg-
ment or in the various offers of testimony which the
court below declined to admit, to justify the conclusion
that the Auto Transit Company, the plaintiff in this
action, was legally responsible for any alleged wrong-
doing by persons called Baron and Price. Therefore

there is no sound reason for interfering with the conclusion reached by the learned court below.

The appeal is dismissed at the costs of the appellant.